DONNELLAN, TREASURER OF WYOMING TERRITORY, *v.* NICHOLLS ET AL., COMMISSIONERS OF LARAMIE COUNTY.

MANDAMUS—CONFLICT OF LAWS.—Where statutes, otherwise of equal validity, conflict, the greater force should be given to the one tending to the best interests of the commonwealth, and to the enforcement of the laws.

IDEM.—Where one law provides that no moneys shall be paid out of the territorial treasury, unless especially appropriated by the legislature, and another law provides for the proper custody and maintenance of convicted criminals, but no appropriation having been made for the purpose, a writ of mandamus will issue to compel the territorial auditor to audit the proper account for the same, and to compel the treasurer of the territory either to pay such account when audited, or to certify that there are no funds in the treasury wherewith to pay the same.

ERROR to the First Judicial District Court for Laramie County.

On the third day of April, 1872, the above-named defend-

ants in error filed in the district court the following petition, duly verified, for an order of mandamus against the above-named plaintiff in error:

"To the honorable district court within and for said Lararamie county, in said judicial district: Your petitioners respectfully represent and state to the court that they constitute the board of county commissioners for said Laramie county, and as such have performed the duties pertaining to that office for nearly two years. That as such county commissioners, upon proper application having been made to them, and it having been shown to them that the sum of four hundred and eighty dollars was required to transport prisoners who had been convicted and sentenced at the adjourned November term, A. D. 1871, of the district court of said Laramie county, they made the formal application required under the law, and thereby requested the governor to approve the said application and order a warrant drawn on the treasury for said sum; and Herman Glafcke, the then acting-governor, wrote his approval thereon, and requested the auditor of Wyoming territory to draw the warrant, which the auditor refused to do. Whereupon your petitioners, at a term of the district court of the said first judicial district, held in the county of Albany, brought their writ of mandamus to compel the said auditor to draw a warrant for the amount allowed by the governor as hereinbefore stated. That thereupon and during the said term of court, and prior to the making of this petition, the said court, being fully advised in the premises, ordered and decreed that the said auditor should make out the said warrant for the said sum of four hundred and eighty dollars, and that thereupon your petitioners procured the said warrant and thereafter presented the same to J. W. Donnellan for payment; but said J. W. Donnellan refused to recognize the said warrant so issued as aforesaid as a legal and binding obligation on the territory, and refused to pay the same or to indorse on the warrant, as the reason for such refusal, that there were no funds in the treasury. And your petitioners further state

that they are entirely remediless in the premises, unless it be afforded by the interposition of the court, and they therefore pray that a writ of mandamus against the said J. W. Donnellan, treasurer of the territory of Wyoming, be granted, and that he be commanded to pay the said warrant so issued as aforesaid, or indorse upon the same the date and time of its presentment and the reason for non-payment, and that such other orders shall be made in the premises as shall seem proper.    J. H. Nicholls, Chairman, per J. W. Cook, his attorney."

Whereupon an alternative writ of mandamus was issued by said district court against the said J. W. Donellan, treasurer as aforesaid, commanding him either to pay said warrant forthwith out of the moneys in the territorial treasury, or to show cause, on a day certain, why he had not so done.

The plaintiff in error then filed the following:

"'Answer to alternative writ.  (Title of cause.)  And the said J. W. Donellan now comes and for answer to the alternative writ of mandamus, heretofore issued in this cause, says that the relator ought not to have his peremptory writ of mandamus, because he saith that, by the provisions of the twenty-third chapter of the laws of Wyoming Territory, entitled an act to organize and establish the territorial treasury department, approved December 2, 1869, he is prohibited from doing as is commanded by the alternative writ, and further he saith not.    J. W. Donellan."

After arguments of counsel the following order was then entered in this cause:

"March term, 1872.  Wednesday, April 3, 1872. *The County Commissioners* v. *J. W. Donellan.*  This cause, coming on to be heard this day, the defendant, by his attorney, filed his answer, and after argument of counsel, it is ordered by the court that peremptory mandamus shall issue, to which counsel for defendant excepts.    J. W. Fisher, Judge First Judicial District."

The plaintiff in error then filed in the supreme court the following:

"Petition in error of defendant, J. W. Donellan. And now by leave of a judge of the supreme court first had and obtained, J. W. Donellan for cause of action complains: That heretofore, to wit, on the third day of April, 1872, at a term of the district court in and for the county of Laramie, the said J. H. Nicholls, M. E. Post and Timothy Dyer recovered a judgment against said defendant by the consideration of said court in a certain case then pending in said court, wherein the said J. H. Nicholls, M. E. Post and Timothy Dyer were plaintiffs, and J. W. Donellan, defendant, a copy of the records and proceedings in which case duly certified is hereto attached, marked "A," and made part of this petition, and the said J. W. Donellan avers that there is error in said record and proceedings in this, to wit: That the court erred in granting a peremptory mandamus to compel defendant to indorse a certain territorial warrant, as in said petition was prayed for. The said J. W. Donellan therefore prays that the said judgment may be reversed and said complainant restored to all things he has lost by reason thereof. E. P. Johnson, attorney for complainant."

*E. P. Johnson,* for plaintiff in error.

*J. W. Cook,* for defendants in error.

By the Court, FISHER, C. J. This was an action on a petition for a peremptory mandamus to compel the respondent in the court below, who was the treasurer of the territory of Wyoming, to indorse a warrant drawn by J. H. Hayford, auditor of the territory, in favor of the petitioners, who were the commissioners of Laramie county. The money to be realized on the warrant was for the purpose of indemnifying the said county for the expenses incurred in taking prisoners to the house of correction at Detroit, in the state of Michigan.

The petition in the court below sets out that the said warrant had been drawn by the aforesaid auditor for the sum of four hundred and eighty ($480) dollars for that amount, under a proceeding for a peremptory mandamus, and that when the said warrant had been presented to the treasurer for payment, that he (the treasurer) had refused either to pay it or indorse it; that then an application was made to the court below for a mandamus to compel its payment or indorsement, or to show cause why he did not do so, which, after argument, was made peremptory.

That the treasurer, by his solicitor, brought the case to this court by writ of error and assigned as error: 1. That the court erred in granting a peremptory writ of mandamus to compel the respondent to indorse the said warrant as prayed for. The case was submitted by Mr. Johnson, solicitor for plaintiff in error, and by Mr. Cook, solicitor for defendants in error, each citing the statutes of Wyoming.

The laws of the territory provide that the auditor of the territory shall draw all warrants on the treasury for moneys to carry on the affairs of the territory, and that the treasurer shall pay such warrants out of such funds in the treasury as shall be appropriated for that purpose; and in the event of there being no funds in the treasury to pay such warrants, it shall be the duty of the treasurer to indorse each warrant that it has not paid for want of funds. They also provide that no warrant shall be drawn unless an appropriation has been made by the legislature to meet it. But this territory, owing to the neglect of the legislature to make the necessary appropriation at its last session, has been placed in such a condition that it is impossible to carry on its functions without the necessary funds for that purpose. In this case the auditor has issued his warrant under the direction of one of the judges of the supreme court. It is true that the laws of this territory provide that no money can be drawn from the treasury except under an appropriation by the legislature, but that is under the supposition that the legislature will properly discharge its duties

by making due provision for executing the legitimate functions of government. If the day after the legislature met that body had adjourned and left without performing any of the duties incumbent upon it, is it to be supposed that all the business of the territory must be suspended for the want of appropriations? Surely not. What then remains to be done? So far as the failure to provide for the expenses of the court is concerned, we were left in a state of chaos; and it only remains for the government to exert the latent power remaining in the hands of the people for their own protection. The law provides that the sheriffs of the several counties shall receive certain compensation for conveying prisoners to the penitentiary, and this is just as imperative as any other law on our statute books. And if no appropriation is made, and no money can under any circumstances be had, to bear the expenses of such removal of persons convicted of crime, we cannot see how that law is to be observed.

We, therefore, feel bound to see that the laws for the protection of the persons and property of our citizens be enforced, even if the legislature has failed to provide the means. But is there no provision in the law to meet such emergencies as have arisen under the circumstances in this case? By the act entitled "An act to provide for criminals, insane, and certain other persons, approved December 7, 1869, ch. 20, p. 305, Statutes of Wyoming, it is provided:

" Section 1. That in any county in this territory, when it became necessary to transport, or to transport and provide for any idiot, lunatic, insane, blind, deaf, deaf mute or criminal, to any eastern asylum, school or prison, it shall be the duty of the county commissioners of such county, upon proper and satisfactory representations to them, to apply to the governor for pecuniary or other aid in such case.

"Section 2. Then, if the governor approve the application, he is hereby authorized to call upon the auditor for a warrant upon the treasurer, in favor of the board of county commissioners, sufficient for the purpose, and it shall be

placed in the hands of the county commissioners, who shall be officially and personally responsible for the proper application of such funds, as far as they may be able."

This is all that has been done in this case, and we fail to see any good grounds for complaint in the premises. The action of the district court in granting the peremptory mandamus, is approved and affirmed.